Good afternoon. May it please the court. It's a very discreet issue that we have before the court today, and so my hope is to be brief and respectful of the court's time. While this may be a case of first impression, the principles underpinning the issue before the court are far from novel. The consequences of a default have to be borne by the defaulting fundamental result of a default. The well-pleaded facts in a plaintiff's complaint are deemed admitted. They're taken as true for purposes of the lawsuit, and what is left for the district court to determine at that point is simply a question of damages. Put another way, when a default has been entered in a case, even when there exists conflicting but legitimate evidence on both sides, the court is bound to enter judgment for the party in whose favor the default has been entered. Now, courts have carved out an exception to this rule in situations where you have a slew of defendants, and a default by any one of those defendants might prejudice a non-defaulting defendant. And in that scenario, the conflicting issues are appropriately reserved for the finder of fact, the jury. Now, the question before this court is what do we do in a situation that I have not seen before, a situation where the district court is faced with conflicting theories of liability from two plaintiffs where their theories are mutually exclusive, but the defendant, by its default, has effectively and legally admitted both. The maxim must hold true that the consequences of that default must be borne by the defaulting party, not by an innocent plaintiff who has done nothing wrong. Appellant is unaware of any circuit authority that addresses this issue. However, we did cite to a district court case out of the Northern District of Illinois from 2016 wherein that court was faced with the very situation. You've got two plaintiffs who are presenting mutually exclusive theories of liability against a single defendant. The plaintiff in that case recognized that if the loss does not fall on the defaulting party, it will be shifted to a plaintiff who has patently done nothing wrong. That is Escalante in this case. Her husband was killed in a motor vehicle collision involving a truck owned by Creekside Logistics. Counsel, I'll be honest. I'm struggling with how to even conceptualize this case and how to frame up our review here. In reviewing a motion for default judgment or the grant or denial, that would normally be an abuse of discretion, right? Correct, Your Honor. What is our standard of review here given sort of what we got and how would you characterize what the district . . . I mean, there is evidence in this case, right? I mean, in other words, there was some testimony, there's proof, so we're not . . . we don't have just the allegations of these two competing complaints. We have the rest of this record. How do we begin to evaluate this case? Through what lens do we look at it? Well, Your Honor, it is a default judgment and the standard of review remains an abuse of discretion. However, the court does not have discretion to disregard or misinterpret or misapply the law, and so in doing so, it has abused that discretion. Further, because of the seriousness of a default judgment, even a slight abuse of discretion may be reason to overturn that default judgment. On what basis could the court have denied both default judgment motions? Well . . . Is that what should have happened? What should have happened, I believe, based on the equities and based on the law, is the favor of allege. Because in that case . . . But then what happens? Say the court had done that and we have two conflicting default judgments, clearly both of whom . . . both of which can't be true, right, or sustained. So what happens then? In that case, the defaulting defendant is simply liable for both judgments, and that's the consequence of the default, and that's a consequence that the defendant should bear, not the plaintiff. What's happening practically in this case? Because, I mean, if there was all this money out there, I don't think Lidge would even be here. Lidge got her default judgment. I don't think she would really care if Escalante also got one if there was unlimited money. I mean, I know there was a bankruptcy. There's an insurance policy. Is there basically one pool that everyone would be competing over, or what's the situation? There is a single pool that everyone is competing for out of a receivership, and the latest I have heard from the receivership is . . . I have not heard from the receivership. We've let them know that this issue is on appeal, that the judgment that underpins Lidge's claim to that share in the receivership is in dispute and is on appeal, but I've not heard back from them. But it's a single pool of money. It's a single insurance policy, and so presumably if the insurer . . . In other words, if you went here and get a default judgment also for your client, that's going to undermine that other people gotten the judgment. Is that what . . . We would share in the receivership in accordance with however the receiving court handled that. Counsel, if the court had granted . . . I mean, you're saying it's an abusive discretion to have granted the one and not granted the other. The court should have granted both. But you'd still have the issue of damages to litigate, I guess, right? So what would have stopped the court from effectively reaching damages the way it did? In other words, you have two default judgments. What the court here seemed to do is evaluate the merits of the default, i.e., who was the common law spouse, right? But what if the court didn't do that? I'm going to grant both default judgments, but now I'm going to go through and delineate who gets what damages. It's exactly what the court did in terms of the numbers. Is there abusive discretion there? I think that would be viewed under a different lens because what we would have there is a disregard for the evidence of the damage that Escalante did put forth in support of her claim. But it's patently what did not happen here because the court never reached any of Escalante's damages. The court simply said, I have undertaken to determine that you were not the spouse, and therefore your claims are dismissed. Damages are a moot point. Could the court have done that same analysis within the rubric of damages computations though? Hypothetically speaking, the court does have discretion to award damages as it sees fit, and it would be an abusive discretion standard to review that award of damages. But again, that's separate from the issue before the court because the court did not decide in that way. Your contention is that the question of who was the common law spouse was pre-damages and not related to the actual computation of damages. That's correct. The question of who is the common law spouse is a question of standing. Section 71.004 of the Texas Civil Practices and Remedies Code provides who has standing to pursue a claim for wrongful death. Should the court have just realigned the parties and sent it back to state court? I mean, in other words, by the time Creekside defaults, they throw up their hands, we're not doing this anymore. It's kind of like the posture that we have on appeal. You have these two Texas residents who are disputing who is the common law spouse. They both can't be. We know that under the Texas law, but should the court have realigned the parties to reflect the true adversity there, and then you don't have diversity? I mean, what about that? I think at that point, it becomes a question of judicial efficiencies. And the question is, do we kick this case back to a state court where it is unfamiliar, when a case has been litigated for over a year, to try to determine a question that's been admitted, a question that has been mooted by Creekside's default? Well, it's not been admitted between the two common law spouses. It's clearly contested, right? That's correct. It's contested as between the two spouses at the time that Creekside was actively defending the case. Once Creekside, you almost have to view them in parallel. You can't view them as the same case. Analogously, Escalante filed this lawsuit against Creekside. Lidge subsequently intervened. Lidge could have filed an independent lawsuit, in which case these two paths would have continued in parallel, not had the issue of, hey, a default judgment in one case has an effect on a default judgment in another case. It's purely an effect of coincidence that because we are in the same case, the same cause number, that we're stuck with two potentially, facially conflicting default judgments in the same cause number, a situation that never would have arisen had the two cases been prosecuted independently. You have two different arguments, as I see it. I want to make sure I'm understanding. One, you're just saying because she alleged she was the common law spouse, that had to be accepted for default purposes, so Escalante should also get a default judgment, just like Lidge already has. That would be both women getting the default judgment. Then you're also saying that maybe there should have been a jury to decide the common law spouse issue, and if you were right about that, then there would just be one, right? A jury would decide the issue, which would result in only one of these folks having a default. Is that my understanding correctly? Those are alternative theories of relief. Primarily, I believe the most equitable course of action is to grant both default judgments. Both spouses, Escalante and Lidge, have well-pleaded factual allegations that have been admitted and deemed as true. What the court could not do is disregard one and not the other, and what the court should have done was grant both. Now, if the issue were an inescapable conflict, an irreconcilable conflict that the court refused to reconcile, then the only solution is to allow a jury to make that factual determination, because it's not an element of damages, it's an element of standing before the court, which is not a factor for the court to consider in the context of a default judgment motion. But what the court did here— Could the court have done it by dispositive motion? Well, that was attempted. Both Lidge and Escalante filed motions for summary judgment that were denied, specifically quoted from the order denying both default motions for summary judgment. The record presents genuine disputes of material fact regarding the establishment of informal custody of Escalante, and so we've got a fact question that is inescapable. But I thought we decided in the Dershke case that there's no right to a jury trial in a default case. Well, the issue that was on default, it kind of takes it out of the context of a default to have the court attempt to find its way through the issue of standing. A default hearing, a default determination by the trial court, is simply limited to a determination of damages, because all of the facts as to liability and standing are deemed admitted. If the court is going to undertake this burden to try to determine who was the spouse, then it has gone outside of that context of a default judgment and has essentially created its own quasi-bench trial as to the issue of standing. If the court had granted both default judgments, could one or the other judgment holders have moved to set aside the other judgment? I'm not sure that they would be standing to set aside the other judgment. So Creekside would? Well— Right, but Creekside's defunct, so— Creekside is in default. They are defunct. Wow. So is there neither party can then challenge the . . . I mean, one of the judgments is obviously a null set, right? Not true. The other one is. So does one of the . . . I mean, are we going to . . . I guess what I'm getting at is do we end up litigating this issue whether it's within the context of damages or standing or setting aside a default judgment where they can't really be two? Do we get to the same place the district court did one way or the other? Well, I think that they track entirely independently of one another, the two elements. So Escalante puts on her evidence of damages, and the court makes a determination as to what her damages are independently of Ridge putting on her evidence of damages and the court determining what her damages are. They don't need to—it's not a zero-sum game in the context of litigation. It may be once it gets to a receivership, but that is not the issue that's before the district court is there to award damages, not to take over the role of a foreign receivership in a different state and determine how to divide a limited pie. If there are no further questions, I believe that the most appropriate equitable option would be to grant both defaults, and accordingly Escalante requested the court reverse the trial court for an entry of default judgment in favor of Escalante in the determination of her damages. In the alternative, if the court believes a determination of who is the spouse is necessary, then it should be remanded for a determination of that back by a jury. Thank you. Mr. West, we've saved time for rebuttal. Mr. Takebellis? May it please the court, Mike Takebellis representing Brandy Lidge. I want to disagree with the first thing that my opponent said, which is the burden of loss should not fall on an innocent party. Well, Brandy Lidge is the innocent party. She did nothing wrong, but had the court not decided who was the common-law spouse, Brandy Lidge would be deprived of her right to a determination that she was the sole and exclusive common-law spouse. That means something because she has Social Security benefits to consider, and the receiver will only take one judgment. The receiver would not take two judgments, and that is written in the statute, buried in the motions about what the receiver can and cannot do. So, what they want to do is make the loss fall on Brandy Lidge, and that should not happen. Well, but counsel, back to the questions I was asking counsel opposite, how do we frame up this case? I mean, the general rule is when you move for a default judgment, if you're the plaintiff, the factual allegations of the complaint are admitted when that default judgment is granted, and then you . . . I'm going by what I used to do in the state court in Mississippi. You bring in evidence of damages, affidavit and what have you, and you sort of prove them up, but the facts are deemed admitted. There aren't any fact findings, and so how do we get beyond what seems to be very clear fact finding by the district court here to get to the answer it did? Well, the way I analyze it is it's an issue of standing, and that was stated by the judge in his ruling on the post-trial motions. But isn't that determined by the fact findings regarding who is the common-law spouse? Yes, but it's standing affects the court's jurisdiction, and the court has the power to investigate the facts to determine its own jurisdiction. Well, it's not constitutional standing. It's statutory standing with whether they qualify under the wrongful death statute, and so that's not jurisdiction. That's just considered an element of . . . you have to prove four or five elements of the claim. One of them is that you're entitled to sue under the wrongful death statute as a spouse or a kid, et cetera. But why . . . whatever it is, it doesn't seem like it's damages, and Reiter Miller says the court's role in a default is to determine the amount of damages, so how does that, what the court did here, fit within determining the amount of damages? Well, we don't know what the court was thinking, but if the court decided that based on the fact that Escalante was not, then he would find no damages because she didn't suffer any damages because . . . But that would do away with the whole dichotomy that exists for defaults. Then you could say, well, the judge could just decide in determining the amount of damages. Well, the truck, the defendant, the truck, they weren't negligent. You know, they didn't do anything wrong, so no damages, right? I mean, that would swallow the whole . . . liability is accepted if pled properly, an amount of damage, right? You see what I'm saying? That would just swallow . . . if you said, well, they're not . . . there's no liability, they don't meet an element of the claim, so I'm not going to give damages. That would open . . . I mean, that would undo the . . . I understand. Yes, sir. But in this case, we're dealing with the equities of what happens when you are dealing with two plaintiffs who each have a default judgment and the court is asked to enter a judgment. The crucial procedural facts are that the court gave the parties an opportunity to say how they wanted to proceed, and the joint advisory signed by Laura Escalante's counsel was they wanted the judge to rule on a default. But . . . okay, so you evaluate the complaint, right? And I can evaluate the motion for default judgment. What is it about Lidge's motion for default judgment that merited granting it versus Escalante's motion for default judgment based on her complaint that merited denying it? The judge has the discretion and the power to review facts pertinent to a default judgment. He doesn't have to accept everything about the damage claim that's put in front of him. But the allegations, the factual allegations of the complaint, Escalante is the common law spouse of White. How does that relate to damages? Well . . . How is it the court bound to hold that as true if it held Lidge's countervailing allegation as true? Well, they're bound together. I mean, one can't have damages if you're not a spouse. In some sense, the question of who's the common law wife is a question of law. That is, I mean, there are underlying facts such as did they . . . all the requirements of state law, did they live together, did they represent themselves to be husband and wife, all those sorts of things. But all of those facts together lead to a conclusion, either is or is not a common law marriage. So I'm just trying to figure out, are there disputed raw material facts such as did they live together, which is one example, or those basically undisputed facts from which, as a matter of state law, we could determine, any court could determine whether there was or was not a common law marriage. The judge determined that Lidge was common law married. He noted that she proved all the elements. She lived together. They held themselves out. They filed tax returns together. And because he found those facts to be uncontradicted in the record, he said that she was the common law wife and there can be no other common law wife. That's what I was trying to get at. The facts are uncontradicted. That's what I was asking. And, you know, probably . . . White said we have to resolve these . . . Right. For example, Lidge said they held themselves out as husband and wife, but White's mother said, disputed that. Isn't that why the court had actually decided after summary judgment? Yes, that's what the court did. But there were factual disputes about Lidge and . . . I think the factual disputes was one is the mother said no, they didn't hold themselves out. It was a deed that was signed early on in the marriage as a single woman. And one other minor point, I think a funeral thing that said she was a fiancé. But when you take all of those facts, I think the district court had enough facts to say as a matter of law, she established common law status. And the only reason that we're here is because Escalante also established it, but for the fact that you can't have two marriages. So, yes, it would have been better if the court did it on a summary judgment. But what you have to realize is that both Lidge and Escalante asked the court for an expedited ruling. We both knew that if we didn't get a judgment by October 30th, we couldn't participate in the receivership. We asked the judge to do that, and he did it. Was that tantamount to a bench trial? I believe it was. I believe that by saying judge . . . by Escalante saying, judge, we want this done by October 30th. We want you to enter a default judgment, never suggesting . . . Well, he suggested that they do two, but he admitted to the judge that he hadn't briefed it, and he didn't cite the Envirogen case or any other case saying you could do two plaintiffs, you get a default judgment. He suggested it as an option, but clearly if you read the transcript, everybody knew during that hearing that the judge was going to decide who was the spouse. I don't think there was any doubt in anyone's mind that the judge was going to make that ruling. That's the time . . . Tell me the hearing. What was the hearing? There was a hearing on October 23rd on the motion for default. At that time, his client got relief from the bankruptcy stay, my client didn't, and the judge could not do anything because he wanted to see if I was going to get relief from the stay. But if you read the transcript of that hearing, it's clear that the judge was concerned that he could not enter inconsistent judgments. He asked if anyone briefed it, and counsel said for the first time that they hadn't briefed it. There was no argument made at that hearing that she was entitled to a jury trial or that she wanted a jury trial. So I think that's the same thing as asking the judge to make the ruling. It was only after Escalante lost that he decided, oh, I should have had a jury. Well, it's too late. He asked the judge for a hearing. He got what he asked for. How did the evidence come in that's in the record? Again, I'm back to my question. What was this? Was it a trial? No, it was all, it was the summary judgment evidence that was provided earlier, plus additional summary judgment evidence that Brandy Lidge filed for the default. So it was mostly the same. The same three things were against her, but everything else . . . It was part of the summary judgment, but then on the evidence submitted then later on just . . . Yeah. . . . . . . . . . . . . . . . . Right, in other words, saying that those three things don't change the equation, and she still is the common law wife. And if she's already a common law wife by admission, why would he want a jury trial? There's nothing for the jury to decide. The jury would have already . . . I mean, what's the jury going to decide that the judge can't decide? So his whole claim for a jury trial is just misplaced because he didn't ask for it. He only asked for it after he lost, and his request for a jury trial is inconsistent with his statement that you don't need a jury trial because I already won. My client is the common law wife. The only case that he cites in Virigin is not . . . I think it's not on point. In that case, nobody was awarded damages. There were two separate contracts. There were different theories of recovery. We don't know what the court was thinking when it said, okay, Virigin can recover for Maxim under its claim for the cost of the equipment, and the city has a separate contract and they can recover too. That might be inconsistent, but it might not be. Since the court never awarded damages, we don't have the situation. That's the only case they have really, and I just don't think it has enough weight to overcome the fact that the evidence in this case was clear that Brandy Lidge was the spouse and they were not able to prove otherwise. If the court had entered two default judgments, could Lidge have moved to set the other one aside? Yes, and she would have. What about the fact that Lidge was the spouse and they were not able to prove otherwise? Yes, and she would have. If the court had  Or in effect falls on Creekside's insurer and their receivership proceeds. When Escalante asked the district court judge to rule and requested that the district court judge rule expeditiously because of the timeline, that was a request to rule within the confines of the law. A request to rule on the damages in light of the admitted and accepted as true facts of liability in standing. Escalante didn't have the argument until after the court's ruling concerning the possibility of a jury trial on the issue because there was no way that Escalante could have and Escalante is not required to anticipate the court's abuse of discretion. Escalante can't have crafted that remedy until that abuse of discretion occurred. With regard to the court statement and the request about whether the spousal issue was briefed at the default judgment stage, it wasn't briefed by either party because it was on an issue before the court, before the district court in the context of a default judgment because those facts were deemed admitted. And Envirogen is the one case that Appellant has been able to find that is even remotely close to the issue here. I think it's strikingly on point when you have two plaintiffs with mutually exclusive theories of liability and a court grants two factually conflicting default judgments. In contrast, Lidge has produced no authority saying that it would be inappropriate for the district court to have entered two default judgments. There are no questions from the court. I'll return the rest of my time. Thank you. Thank you, Mr. West. Your case and both of today's cases are under submission and the court is in recess until 9 o'clock tomorrow. Thank you.